UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Dorothy Hensley,** *et al.***,**

    **Plaintiffs,**

**v.**

    Case No. 2:99-CV-00888
    **JUDGE SMITH**
    **Magistrate Judge Abel**

**City of Columbus,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

Plaintiffs assert that Defendants' dewatering for sewer construction caused Plaintiffs' wells to become dry, resulting in a taking of property without just compensation in violation of the Fifth and Fourteenth Amendments to the Constitution. Defendants move for summary judgment, arguing that the statute of limitations and the doctrine of *res judicata* bar Plaintiffs' claims (Doc. 61). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## I. BACKGROUND

The parties stipulate the relevant facts for purposes of litigating summary judgment only.

Plaintiffs are individual citizens of the State of Ohio. They own and live on residential real property along Morse Road in Columbus, Ohio. All of the plaintiffs had wells on their property from which they obtained ground water for drinking and other domestic needs.

Defendants are the City of Columbus and several private entities. In 1990, Defendants arranged to extend a sewer line in the area of Plaintiffs' property. The plan for extending the sewer required Defendants to pump ground water out of the area to dry a trench and allow Defendants to install pipe for the sewer. This activity began on November 1, 1990, and was completed by mid-1991. For purposes of the summary judgment proceeding only, Defendants stipulate that their dewatering activities caused Plaintiffs' wells to become dry.

Plaintiffs filed a civil action in state court on August 21, 1992, seeking damages for "unreasonable harm" resulting from the dewatering, under *Cline v. American Aggregates Corp.*, 15 Ohio St. 384, 387 (1984), which relied on the Restatement of Torts (Second) § 858 to create a tort claim for violations of the "reasonable use" doctrine for groundwater. Plaintiffs did not seek equitable relief to compel Defendants to institute a reverse condemnation action, and Plaintiffs did not expressly assert that the dewatering was a taking that required compensation under either the federal or Ohio constitutions. The state trial court denied Plaintiffs' motion for class certification on November 10, 1993, and Plaintiffs appealed. The Ohio appellate court affirmed, and the Ohio Supreme Court declined jurisdiction. The case was remanded to the trial court, and on August 10, 1995, Plaintiffs

voluntarily dismissed the action, but re-filed their complaint in a new action on the same day.

The trial court granted the Defendants' summary judgment motion on January 31, 1997. Plaintiffs appealed. The Ohio court of appeals affirmed as to the dismissal of the City of Columbus as a defendant on the basis of immunity, but reversed as to the other defendants, finding that they could not be sued for the alleged harm under *Cline* because the defendants were neither proprietors nor grantees for purposes of Restatement of Torts (Second) § 858. The Ohio Supreme Court issued a decision on April 22, 1998, declining to hear the appeal.

While the state court action was pending, the City of Columbus provided some of the Plaintiffs with trucked-in water. Plaintiffs did not pay for the water. Plaintiffs generally aver that the water the City provided was not adequate for their needs, and that as a result of their wells becoming dry, they were unable to shower as they wished, do laundry, water gardens, or clean their homes. Plaintiffs also spent varying sums of money in attempts to obtain water from their wells.

On September 15, 1999, Plaintiffs filed a new Complaint with this Court, alleging a federal takings claim and a procedural and substantive due process claim. On September 18, 2000, Defendants filed a Motion for Summary Judgment, arguing that

there has been no taking of property, and that the statute of limitations and *res judicata* bar Plaintiffs' claims (Doc. 25). On May 23, 2002, this Court granted Defendants' Motion for Summary Judgment, holding that Plaintiffs' constitutional claims could not stand because Plaintiff's had no property interest in groundwater (Doc. 43). Having so held, this Court found it unnecessary to address the Defendants' statute of limitations and *res judicata* arguments. *Id.*

Plaintiffs appealed that decision to the Sixth Circuit Court of Appeals. The Sixth Circuit heard the appeal on December 4, 2003. On February 20, 2004, the Sixth Circuit panel filed an order certifying the following question of law to the Supreme Court of Ohio: "Does an Ohio homeowner have a property interest in so much of the groundwater located beneath the land owner's property as is necessary to the use and enjoyment of the owner's home?" On December 21, 2005, the Ohio Supreme Court answered the question affirmatively, holding that "Ohio homeowners have a property interest in the groundwater underlying their land and [ ] governmental interference with that right can constitute an unconstitutional taking." *McNamara v. City of Rittman*, 107 Ohio St.3d 243 (2005). The Sixth Circuit, finding that issue dispositive of the issues appealed, remanded the case to this Court without addressing the statute of limitations and *res judicata* arguments. *Hensley v. City of Columbus*, 433 F.3d 494, 496 (6th Cir. 2006).

Upon remand from the Sixth Circuit Court of Appeals, this Court issued an order allowing the parties to file supplemental briefs on statute of limitations and *res judicata* by November 15, 2006 (Doc. 50). Plaintiffs' counsel moved to stay the briefing schedule pending the Sixth Circuit Court of Appeals' decision in *McNamara v. City of Rittman*, Sixth Circuit Case

4

No. 02-3965. (Doc. 52). The Sixth Circuit issued its decision in *McNamara v. City of Rittman* on January 8, 2007. *See*, *McNamara v. City of Rittman*, 473 F. 3d 633 (6th Cir. 2007). The parties have completed their briefing and Defendants' motion is now ripe for this Court's review.

## II. SUMMARY JUDGMENT STANDARD

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, Depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the non-moving party, and must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).[1] The Court disregards all evidence favorable to the moving party that the

---

[1] *Reeves* involved a motion for judgment as a matter of law made during the course of a trial under Fed. R. Civ. P. 50 rather than a pretrial summary judgment under Fed. R. Civ. P. 56.

jury would not be required to believe. *Id.* Stated otherwise, the Court must credit evidence favoring the non-moving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. *Id.*

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby, Celotex,* and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). The court in *Street* identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

Additionally, in responding to a summary judgment motion, the non-moving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id., quoting Liberty Lobby*, 477 U.S. at 257. The non-moving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. *Id.* It is not sufficient for the non-moving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id., quoting Matsushita*, 475 U.S. at 586.

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish

---

Nonetheless, standards applied to both kinds of motions are substantially the same. One notable difference, however, is that in ruling on a motion for judgment as a matter of law, the Court, having already heard the evidence admitted in the trial, views the entire record, *Reeves*, 530 U.S. at 150. In contrast, in ruling on a summary judgment motion, the Court will not have heard all of the evidence, and accordingly the non-moving party has the duty to point out those portions of the paper record upon which it relies in asserting a genuine issue of material fact, and the court need not comb the paper record for the benefit of the non-moving party. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). As such, *Reeves* did not announce a new standard of review for summary judgment motions.

that it is bereft of a genuine issue of material fact." *Id.* at 1479-80. That is, the non-moving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

### III. DISCUSSION

Defendants rely on two arguments in support of their joint motion for summary judgment in this case. First, Defendants argue Plaintiffs' claims are barred by the statute of limitations. Second, Defendants argue that Plaintiffs' claims are barred by the doctrine of *res judicata*. The Court will first address the Defendants' statute of limitations argument.

**A.    Statute of Limitations**

Plaintiffs assert that the facts of this case give rise to claims for takings of property without just compensation under the Fifth and Fourteenth Amendments to the U.S. Constitution, and that Defendant City of Columbus acted under color of law and deprived Plaintiffs of their property right to continue to receive water service without due process. (2d Am. Compl. ¶ 24). Defendants argue that Plaintiffs' claims are barred by the statute of limitations. (Def.'s Mot. for Summ. J. at 7-10). The Court agrees that Plaintiffs' claims are time-barred.

The parties agree that the applicable statute of limitations, based upon Ohio Revised Code § 2305.10, is two years. (*See* Def's Mot. for Summ. J. at 7 and Pl.'s Memo. in Opp. at 5; *see also Lawson v. Shelby County*, 211 F.3d 331, 336 (6th Cir. 2000) ("The statute of limitations for federal civil rights claims is the appropriate state statute of limitations.") (citations omitted)). The two-year period "starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McNamara*, 473 F.3d at 639 (*citing Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997) (internal quotation marks omitted)).

7

Defendants argue that Plaintiffs' claims were ripe, and the two-year statute of limitations began running, by mid-1991, when the dewatering operations were completed, and Plaintiffs knew or should have known of their alleged injuries. (Def.'s Mot. for Summ. J. at 7). Plaintiffs counter that under *Williamson City Planning v. Hamilton Bank*, 473 U.S. 172 (1995), their federal takings claims had not accrued, and the statute of limitations did not begin to run, until Plaintiffs brought a state law tort claim against Defendants. (Pl.'s Memo. in Opp. at 3-4). Thus, a threshold question for this Court is when did Plaintiffs' claims become ripe.

In *Williamson*, the U.S. Supreme Court held that federal takings claims are not ripe until state compensation procedures, if existing and adequate, have been complied with. 473 U.S. at 195. The Supreme Court explained:

> The recognition that a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation is analogous to the Court's holding in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). There, the Court ruled that a person deprived of property through a random and unauthorized act by a state employee does not state a claim under the Due Process Clause merely by alleging the deprivation of property. In such a situation, the Constitution does not require predeprivation process because it would be impossible or impracticable to provide a meaningful hearing before the deprivation. Instead, the Constitution is satisfied by the provision of meaningful postdeprivation process. Thus, the State's action is not "complete" in the sense of causing a constitutional injury "unless or until the State fails to provide an adequate postdeprivation remedy for the property loss." *Hudson v. Palmer,* 468 U.S. 517, 532, n. 12, 104 S.Ct. 3194, 3203, n. 12, 82 L.Ed.2d 393 (1984). Likewise, because the Constitution does not require pretaking compensation, and is instead satisfied by a reasonable and adequate provision for obtaining compensation after the taking, the State's action here is not "complete" until the State fails to provide adequate compensation for the taking.

*Id*.

*Williamson* does not require, as Plaintiffs suggest, a plaintiff seeking to bring a federal takings action to conjure up state common law tort actions as a way to satisfy its requirements.

8

Instead, *Williamson* requires this Court to determine whether or not Ohio's compensation procedures are "reasonable, certain, and adequate." *McNamara*, 473 F.3d at 638 (*quoting Williamson*, 473 U.S. at 194). The determination is "time-specific, because a state may have inadequate compensation procedures at one point in time, but these may at a later date be rectified by statute (via the state legislature) or through evolution of the common law (via state courts)." *McNamara*, 473 F.3d at 638 (*citing Arnett v. Meyers*, 281 F.3d 552, 563 (6th Cir. 2002)). The Court's task is made easy by the *McNamara* Court.

In *McNamara,* the Sixth Circuit was asked to determine whether or not the plaintiffs' takings claims were ripe for federal review. The Court relied on *Williamson's* holding that takings claims "are not ripe for federal court review until state compensation procedures, assuming they exist and are adequate, have been exhausted . . . ." *McNamara*, 473 F.3d at 637. The Court found that prior to *Levin v. City of Sheffield Lake*, 70 Ohio St.3d 104 (Ohio 1994),[2] "Ohio's compensation procedures in takings cases were decidedly not adequate." *Id*. at 638. Because the *McNamara* plaintiffs were aware of the alleged deprivation prior to *Levin*, the Court found their takings claims were immediately ripe for federal court review. *Id*. at 638-639. Consequently, the Court held that the *McNamara* plaintiffs' claims were time-barred when the plaintiffs' filed them in federal court in 2000, more than two-years past the statute of limitations. *Id*. at 639.

The Plaintiffs in the instant case, like the *McNamara* plaintiffs, were aware of the alleged

---

[2]*Levin* made the availability of a mandumus action explicit in Ohio. *See also*, *Coles v. Granville*, 448 F.3d 853, 684 (6th Cir. 2006) ("[T]he 1994 *Levin* decision from the Ohio Supreme Court . . . was the genesis of the modern recognition of the mandamus action to force appropriation proceedings . . . .").

deprivation prior to *Levin*. Plaintiffs clearly knew of the injury which formed the basis for their takings action no later than 1992, when they filed their state court action. And, based upon the evidence submitted by Defendants, and not disputed by Plaintiffs, all of the plaintiffs, including those that did not file suit until 1995 or later, knew or had reason to know of their alleged injury by the end of 1991. (*See generally* Def's Mot. for Summ. J and Exhibits). At this time, there were no "reasonable, certain, and adequate" state procedures available to takings claimants in Ohio. *See McNamara*, 473 F.3d at 638. Accordingly, those claims were ripe for federal review no later than 1992. Because the claims were ripe in 1992, the applicable two-year statute of limitations ran before 1999, when Plaintiffs first filed in federal court. Consequently, this Court finds that Plaintiffs' takings claims are time-barred.

Likewise, Plaintiffs' due process claims, which are based on the same underlying facts, are time-barred. *See McNamara*, 437 F.3d at 639. The Court need not conduct a separate ripeness analysis for Plaintiffs' due process claim. *See Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002) ("Procedural due process and equal protection claims that are ancillary to taking claims are subject to the same *Williamson* ripeness requirements.") and *McNamara*, 473 F.3d at 639, n.2 (noting that where a due process claim is not "independent of an underlying takings claim, ripeness analysis for the takings claims necessarily subsumes ripeness analysis for the due process claim"). Accordingly, Plaintiffs' due process claims, like their takings claims, were ripe for federal review no later than 1992. Consequently, the Court finds that, like the takings claims, Plaintiffs' due process claims are time-barred by the applicable two-year statute of limitations.

**B.**     ***Res Judicata***

As an alternative basis for summary judgment, Defendants argue that the doctrine of *res judicata* bars Plaintiffs' claims. Having determined that Plaintiffs' claims are barred by the applicable statute of limitations, however, the Court finds it unnecessary to address Defendants' *res judicata* arguments.

### IV.  CONCLUSION

For all of the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 61).

The Clerk shall remove this case from the Court's pending cases list.

The Clerk shall remove Document 61 from the Court's pending motions list.

**IT IS SO ORDERED.**

 **/s/ George C. Smith**
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**